UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDN
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/8/11
```

---

CHIKEZIE OTTAH,

        Plaintiff,

-against-                             10 Civ. 7296 (CM)

FIRST MOBILE TECHNOLOGIES,

        Defendant.

---------------------------------------x

## DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

McMahon, J.:

### I. INTRODUCTION

Plaintiff Chikezie Ottah ("Plaintiff" or "Ottah") brings this patent infringement action *pro se* alleging that defendant First Mobile Technologies ("Defendant" or "FMT") infringed upon Ottah's patent, US 7,152,840 B2 (the "'840 patent"). FMT moves to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons set forth below, Defendant's motion is DENIED.

### II. BACKGROUND

**A.   Procedural History**

Ottah commenced this action on September 22, 2010. Ottah then filed an amended complaint on November 19, 2010. On January 14, 2011, an initial pretrial conference was held and Ottah's Complaint was dismissed without prejudice. (ECF dkt. entry dated 1/14/2011.) However, Ottah was instructed that he could file a second amended complaint in which he could "explain in much greater detail how the [FMT] product infringes on [the '840 patent]." (Def.

Copies mailed/faxed/handed to counsel on 9/8/11

Mem. at 1; Transcript of Initial Pretrial Conference at 3.) Ottah filed his Second Amended Complaint on March 7, 2011. (Declaration of Cosmin Maier ("Maier Decl.") Ex. A.) FMT now moves to dismiss Ottah's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

**B.    Ottah's Patent**

The '840 patent describes "a book holder removably attachable to a vehicle or structure such as a stroller, walker, wheelchair or car seat for mobile applications." (Maier Decl. Ex. A at 14.[1]) The general purpose of Ottah's product is to provide a structure that is capable of supporting books while attached to a moving object. Id. The '840 patent claims:

> 1. A book holder for removable attachment, the book holder comprising:
>
>> a book support platform, the book support platform comprising a front surface, a rear surface and a plurality of clamps, the front surface adapted for supporting a book, the plurality of clamps disposed on the front surface to engage and retain the book to the book support platform, the rear surface separated from the front surface:
>>
>> a clasp comprising a clip head, a clip body and a pair of resilient clip arms, the clip arms adjustably mounted on the clip head, the clip head attached to the clip body; and
>>
>> an arm comprising a first end and a second end and a telescoping arrangement, the clasp on the first end, the second end pivotally attached to the book support platform, the telescoping arrangement interconnecting the first end tob [sic] the second end, the clasp spaced from the book support platform wherein the book holder is removably attached and adjusted to a reading position by the telescoping arrangement axially adjusting the spaced relation between the book support platform and the clasp and the pivotal connection on the book support platform pivotally adjusting the front surface with respect to the arm.

Id. at 21.

---

[1] For purposes of clarity, this Court adopts the ECF pagination present on the defendant's submission. Ottah's original complaint, annexed as Exhibit A to the Maier Declaration, is unpaginated.

**C.     The Alleged Infringement**

Ottah states that he has "seen the [infringing] product(s) used by Con-Edison, Police Department (NYC, USA) and Health Department (NYC, USA)." (Maier Decl. Ex. A at 3.) Ottah attaches an image of a webpage taken from FMT's website, which indicates that it is a products home page for FMT products. Id. at 7. There are two classes of products identified on the image: First Cradle and First Dock. First Cradle is described as "a secure device that locks your computer in place." Id. First Dock is stated to "secure[] your computer into place, while also providing inputs, or connections, for your computer devices, such as scanner, bar code reader, keyboard, mouse, etc." Id.

A document entitled "Compare 1st Mobile Technlogies [sic] Note Book Holder to US 7,152,840 Patent" is also annexed to Ottah's Second Amended Complaint. Id. at 25. This document only generally refers to a "note book holder" allegedly produced by FMT; however, no attachment to the Second Amended Complaint or to any submission to this Court identifies an FMT product designated as such.

### III. DISCUSSION

**A.     Standard of Review**

"The decision to grant a motion to dismiss is a purely procedural question not pertaining to patent law." Colida v. Nokia, Inc., 347 Fed. App'x 568, 569 (Fed. Cir. 2009) (quotations omitted). "Where…a party appear[s] *pro se* before the trial court, the [court] may grant the *pro se* litigant leeway on procedural matters, such as pleading requirements." McZeal v. Sprint Nextel Corp., 501 F.3d 1354 (Fed. Cir. 2007) (citing Hughes v. Rowe, 449 U.S. 5 (1980)). "[A] court must construe the [*pro se*] complaint liberally, and should not dismiss it without granting the plaintiff leave to amend at least once when a liberal reading of the complaint gives any

indication that a valid claim might be stated." Okoi v. El Al Israel Airlines, 378 Fed. App'x 9 (2d Cir. 2010) (citing Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) and Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)).

Rule 8 of the Federal Rules of Civil Procedure states, "A pleading that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. ---, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (quotations omitted). In applying this standard, "a court must accept as true all of the allegations contained in a complaint…[but is] not bound to accept as true a legal conclusion." Id. at 1949-50 (quotations omitted). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." Id. at 1950 (citing Fed. R. Civ. P. 8) (quotations omitted).

**B.    Ottah Has Stated a Claim for Patent Infringement**

In analyzing what Twombly and Federal Rule of Civil Procedure 8 require for a pleading to adequately set forth a complaint for patent infringement, the Federal Circuit has stated that a complaint for patent infringement must include:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent "by making, selling, and using [the device] embodying the patent"; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

McZeal, 501 F.3d at 1357. "It logically follows that a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." Id.

4

Furthermore, an infringement plaintiff need not "specifically include each element of the claims of the asserted patent…To impose such requirements would contravene the notice pleading standard, and would add needless steps to the already complex process of patent litigation." Phonometrics, Inc. v. Hospitality Franchise Sys., 203 F.3d 790, 794 (Fed. Cir. 2000). In applying McZeal and Phonometrics, this Court has itself held that an infringement complaint states a claim for relief "despite its failure to specify how each [claim] limitation is satisfied by the accused products." Wireless Ink Corp. v. Facebook, Inc., No. 10 Civ. 1841, 2011 WL 2089917 (S.D.N.Y. May 26, 2011).

Extending Ottah the procedural leeway afforded to parties proceeding *pro se*, Ottah has managed to satisfy the requirements of McZeal. See Okoi, 378 Fed. App'x 9. His Second Amended Complaint includes a copy of a webpage which identifies FMT's First Dock and First Cradle products and attempts to point out the components of these products that Ottah believes infringe upon the '840 patent. (Maier Decl. Ex. A at 7, 26.) This is sufficient to provide FMT with notice about the products that it is expected to defend. McZeal at 1357.

FMT has advanced a host of arguments indicating that Ottah has failed to allege that the accused products incorporate every limitation set forth in the claim of the '840 patent because the accused FMT products simply do not incorporate those limitations. However, the Court declines to entertain the merits of these arguments at this time, finding them appropriate for summary judgment, but irrelevant to the inquiry at the motion to dismiss stage.

## IV.   CONCLUSION

For the reasons set forth above, the Court denies Defendant's motion. The Court has examined the limitations set forth in the '840 patent's claim, and finds them to be readily understandable. However, the parties are directed to confer to decide if a <u>Markman</u> hearing is necessary to clarify any elements of the '840 claim, and to inform the Court of their desire for a hearing within thirty (30) days of the date of this Order. If the parties agree that there is no need for such hearing, this Court expects summary judgment motions to be filed within sixty (60) days of the date of this Order.

The Clerk of the Court is directed to remove the motion at Docket # 23 from the court's list of pending motions.

Dated: September 6, 2011

_____
U.S.D.J.

BY FIRST-CLASS MAIL TO ALL PARTIES