*Legal Counsel.*

# Dinsmôre

DINSMORE & SHOHL LLP
255 East Fifth Street ∧ Suite 1900 ∧ Cincinnati, OH 45202
www.dinsmore.com

Joshua A. Lorentz
513-977-8564
joshua.lorentz@dinsmore.com

DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/12/11

September 30, 2011

Hon. Colleen McMahon
United States District Judge
United States District Court, Southern District of New York
500 Pearl St.
New York, NY 10007-1312

    Re:    Chikezie Ottah v. First Mobile Technologies
            Case No. 1:10-cv-07296-CM (S.D.N.Y.)

Dear Judge McMahon:

**MEMO ENDORSED**

    This firm represents Defendant First Mobile Technologies ("FMT") in the above-captioned matter. FMT is in receipt of the Court's Decision and Order Denying Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (dkt. 36). As directed by the Court, FMT contacted Plaintiff, Mr. Chikezie Ottah, by telephone to discuss the need for a *Markman* hearing to clarify any elements of the claim of U.S. Patent No. 7,152,840.

    FMT agrees with the Court that the '840 claim limitations are readily understandable, and therefore believes that a *Markman* hearing is <u>unnecessary</u>.

    Per Mr. Ottah's September 28, 2011 correspondence to FMT, FMT understands that Mr. Ottah plans to inform the Court of his opinion that "*Markman* will benefit us all if [FMT] require[s] more clarity." While Mr. Ottah's response is not clear to FMT, FMT reiterates that it agrees with the Court that the '840 claim limitations are readily understandable.

    Because FMT is unable to report that Mr. Ottah specifically agrees with the Court and FMT that a *Markman* hearing is unnecessary, FMT seeks direction from the Court regarding next steps, including whether the parties should proceed with Motions for Summary Judgment pursuant to the schedule set forth in the Court's aforementioned Order. If, however, the Court chooses to conduct a *Markman* hearing, FMT respectfully requests that the Court direct Mr. Ottah to provide proposed claim constructions for the sole claim of the '840 patent and provide FMT an opportunity to respond in advance of such hearing.

Copies (mailed)/faxed/handed to counsel on 10/12/11

[Handwritten endorsement: 10/11/2011 — Proceed to motion for summary judgment.]

Hon. Colleen McMahon
September 30, 2011
Page 2

      Per the Individual Practices of Judge McMahon (and the convenience of Ottah), Ottah has simultaneously been sent a copy of this letter.

                                        Respectfully submitted,

                                        Joshua A. Lorentz
                                        *Admitted Pro Hac Vice*

                                        Attorney for Defendant First Mobile Technologies

cc:  Chikezie Ottah
      1035 Clarkson Ave, Suite 5A
      Brooklyn, NY 11212
      Plaintiff Pro Se

      Cosmin Meier
      WilmerHale
      399 Park Avenue
      New York, New York 10022