SCANNED

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/12/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHIKEZIE OTTAH | CASE NO. 1:10-cv-07296-CM |
| PLAINTIFF | [JUDGE COLLEEN MCMAHON] |
| VS | |
| 1st MOBILE TECHNOLOGIES | Date: 10/04/2011 |

Dear Judge Colleen McMahon

Thank you for given us opportunity to decide if Markman hearing is necessary to clarify that FMT have infringe on my patent, l was in communication with FMT counsel Mr. Joshua A. Lorentz (on the phone and e-mails) until they release their decision on September 30th 2011.

**FMT Position:**
Markman hearing is not necessary

**Defendant Request For Answer:**
The defendant answer to my 2nd amended complaint suggest he need clarity to understood the patent infringement action against his company. Example, page 1, numbers 4, 5, and 6 of defendant's answer to my second amended complaint denies FMT product (s) infringes on patent US 7,152,840.

Further reason to believe the defendant need clarity is in page 2, numbers 7, 8, 9 and 10 of his affirmative defense, see page 2 of defendant's answer to my second amended complaint with defenses and counterclaims. ( A copy is attached).

**Markman Hearing**
Therefore, to prove the case of patent infringement with clarity, the defendant deserve the right to hear and read the answers to those issues and concerns he raised in pages 1 and 2 of defendant's answer to my second amended complaint with defenses and counterclaims, answered with clarity.

I have in my last affirmation in opposition to motion to dismiss, named, a respond to the memorandum, dated April 13, 2011 informed the court that l have the same patent in other country (s) and l intend to introduce the patent for clarity.

Sincerely
Chikezie Ottah

Copies mailed/faxed/handed to counsel on 10/12/11

---

**MEMO ENDORSED** 10/12/2011

While Mr. Ottah contends in conclusory fashion that there is no need for a Markman hearing, he offers no substantive reason why this is so - he identifies no claim term over which the parties differ. Therefore, defendant shall file a motion for summary judgment on the schedule previously set by the court. If, in the course of briefing that motion, it becomes apparent that the parties differ over the definition of a claim term, we will devise a procedure for a Markman hearing.

Colleen McMahon USDJ

#38 JMB
RECEIVED OCT 04 2011 PRO SE OFFICE